IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FAIRMONT PARTNERS, LLC, | ) | CASE NO. 18-82014-11 |
| EIN: XX-XXX2657 | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S MOTION: (I) FOR AUTHORITY TO SELL SUBSTANTIALLY ALL OF THE DEBTOR'S OPERATING ASSETS AND INTELLECTUAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES; (II) TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND LEASES AND TO ESTABLISH CURE COSTS IN CONNECTION THEREWITH; AND (III)TO ESTABLISH PROCEDURES WITH RESPECT TO SUCH SALE AND THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND LEASES**

COMES NOW Fairmont Partners, LLC, as Debtor and Debtor-in-Possession ("Debtor"), by and through its undersigned counsel, pursuant to §§105(a), 363(f), and 1109(b) of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), and Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and moves this Court to enter an order authorizing the sale of substantially all of Debtor's assets (as defined below, the "Identified Assets"), free and clear of all liens, claims, interests, and encumbrances; (ii) authorizing Debtor to assume and assign executory contracts and leases; and (III) approving the "Sale Process" and "Bid Procedures" set forth below. In support of this Motion, Debtor states as follows:

**JURISDICTION AND VENUE**

1. On July 10, 2018 (the "Petition Date"), Debtor filed with the Clerk of this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continues to operate its business as Debtor in possession pursuant to §§ 1l07(a) and 1108.

2. This Court has subject matter jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

3. Debtor is a privately held company headquartered in Sheffield, Alabama, and is engaged in the business of operating a hotel. Debtor employs twenty-three (23) employees.

4. Debtor's bankruptcy filing was precipitated by a variety of factors that have led to a deterioration of Debtor's business, including the impending foreclosure by the secured lender.

5. Despite its best efforts, Debtor had no choice but to seek relief under chapter 11 of the Bankruptcy Code in order to preserve any going concern value.

6. Pursuant to this Court's Order (*see* Doc 54), Debtor is directed to sell substantially all of its assets and provide, among other things, that (i) Access Point Financial Inc. or its affiliate (collectively, "APF") be the stalking horse bidder with an initial credit bid of $9,250,00.00, (ii) subsequent bids shall be made of no less than $50,000.00 per bid, (iii) APF shall have the right to credit bid in accordance with section 363(k)[.]

7. By this Motion, Debtor asks this Court to approve the Sale Process and Bidding Procedures to be used in connection with the sale of the Identified Assets of the Debtor free and clear of all liens, claims, interests, and encumbrances.

## SALE PROCESS

8. Pursuant to this Motion, Debtor seeks to sell all or substantially all of its assets (the "Identified Assets") to the highest and best bidder at an auction. APF has submitted an initial bid, in the form of a credit bid against the obligations owed to it by Debtor, in the amount of $9,250,000.00. This Motion contemplates entry of an Order approving bidding procedures and,

2

to the extent that there is more than one interested bidder, an auction process. After the auction process, this Motion contemplates that the parties would appear before the Court for a final hearing to approve the sale.

9. Debtor seeks approval in order to sell the Identified Assets are as follows ("<u>Bidding Procedures</u>"):

    a. <u>Initial Overbid</u>. Any third party (other than APF) that is interested in acquiring the Identified Assets must submit an "Initial Overbid" in conformance with the Bid Procedures by not later than 5:00 p.m. local time in Huntsville, Alabama upon such date as shall be determine by the Court (the "<u>Overbid Deadline</u>"). Any such Initial Overbid must:

        i. Contain a signed definitive asset purchase agreement that must: (1) provide for consideration to Debtor in an amount equal to or greater than the sum of (a) the consideration payable by APF under the Credit Bid, <u>plus</u> (b) cash in an amount equal to $50,000.00; (2) not be subject to any (a) financing contingency, (b) contingency relating to the completion of unperformed due diligence, (c) contingency relating to the approval of the overbidder's board of directors or other internal approvals or consents, or (d) any conditions precedent to the overbidder's obligation to purchase the Identified Assets; and (3) provide that the overbidder shall purchase all or substantially all of the Identified Assets;

        ii. Include a cashiers' or certified check in the aggregate amount of $250,000.00, payable to an independent escrow agent to be designated by Debtor (it being understood that deposits may also be sent by wire transfer of immediately available funds);

        iii. To the extent not previously provided to Debtor, be accompanied by evidence satisfactory to the Debtor in its commercially reasonable discretion that the overbidder (1) is willing, authorized, capable, and qualified financially, legally, and otherwise, of unconditionally performing all obligations under its proposed purchase agreement, in the event that it submits the Prevailing Bid (as defined below) at the Auction, and (2) has substantial experience acquiring, owning, rehabilitating and managing projects that are substantially similar to the Identified Assets;

        iv. Remain open and irrevocable until one hundred (100) days after the entry of an order by the Court approving a definitive agreement providing for the sale of the Identified Assets; and

3

Case 18-82014-CRJ11    Doc 97    Filed 09/13/18    Entered 09/13/18 15:00:23    Desc Main
Document      Page 3 of 9

      v. Be submitted to (1) counsel to the Debtor, Stuart M. Maples, 200 Clinton Avenue West, Suite 1000, Huntsville, Alabama 35801, smaples@mapleslawfirmpc.com (2) counsel to APF, John F. Isbell, Thompson Hine LLP, 3560 Lenox Road, Suite 1600, Atlanta, Georgia 30326, john.isbell@thompsonhine.com; and (3) Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, Alabama 35602, Attention: Richard Blythe, in each case so as to be received not later than the Overbid Deadline.

b. <u>Auction</u>. In the event Debtor timely receives a conforming Initial Overbid from a prospective purchaser as described above (a "<u>Qualified Bidder</u>"), then the Debtor will conduct an Auction with respect to the sale of the Identified Assets upon such date as shall be determine by the Court at the offices of Maples Law Firm, PC, 200 Clinton Avenue West, Suite 1000, Huntsville, Alabama 35801, or at such other location as may be designated by Debtor. In order to participate in the Auction, each prospective purchaser shall be required to comply with the requirements of the Bid Procedures and to submit an Initial Overbid that is timely and that complies in all respects with the Bid Procedures Order. At the Auction, Qualified Bidders and APF (it being understood that APF shall be deemed to be a Qualified Bidder) may submit successive bids in cash or credit increments of at least $50,000.00 greater than the prior bid for the purchase of the Identified Assets until there is only one offer that Debtor determines (in the exercise of its sole discretion), subject to Court approval, is the highest or best offer for the Identified Assets (the "<u>Prevailing Bid</u>"). All bidding for the Identified Assets will be concluded at the Auction and there will be no further bidding at the Sale Hearing. If no conforming Initial Overbid from a Qualified Bidder shall have been received at or prior to the Overbid Deadline, the Auction will not be held, APF shall be designated as the highest and best bid, and the Sale Hearing will proceed with respect to the Credit Bid on an expedited basis. In determining the Prevailing Bid, consideration will be given to, among other things: (i) the total consideration to be received by Debtor; (ii) the bidder's financial ability to close a transaction and the likelihood and timing thereof; (iii) the net benefit to Debtor's estate; and (iii) the amount of the bidder's experience acquiring, owning, rehabilitating and managing projects that are substantially similar to the Identified Assets. At the Auction, APF shall have the right to (i) submit further credit bids; and (ii) at any time, request that Debtor announces, subject to any potential new bids, the then current Prevailing Bid and, to the extent APF requests, use reasonable efforts to clarify any and all questions APF may have regarding Debtor's announcement of the then current Prevailing Bid. Only the persons who submitted Initial Overbids and APF may participate in the Auction. After the Auction has concluded, Debtor shall present the Prevailing Bid to the Court for consideration and approval at the Sale Hearing.

4

c. <u>Sale Hearing</u>.  The Sale Hearing will be conducted upon such date as shall be determine by the Court at the United States Bankruptcy Court, 3rd Floor Courtroom, Decatur, AL, at which time Debtor intends to present the Prevailing Bid for approval by the Court pursuant to the provisions of Sections 105, 363(b), 363(f), 363(m), 363(n), and 365 of the Bankruptcy Code.  Debtor shall be deemed to have accepted a bid only when the bid has been approved by the Court at the Sale Hearing.

d. <u>Highest and/or Best Bid</u>.  At all times during the proposed sale process, Debtor shall retain the right to determine, in its reasonable discretion, which bid constitutes the highest or otherwise best offer for the purchase of the Identified Assets, and which bid should be selected as the Prevailing Bid, if any, all subject to final approval by the Court pursuant to the provisions of Section 363(b) of the Bankruptcy Code.  Without limiting the generality of the foregoing, Debtor may, at any time before entry of an order of the Court approving a Prevailing Bid, reject any bid (other than APF's bid) that, in the reasonable discretion of Debtor, is determined to be (i) inadequate or insufficient, (ii) contrary to the requirements of the Bankruptcy Code or the Bid Procedures, (iii) from a bidder that does not have substantial experience acquiring, owning, rehabilitating, and managing projects that are substantially similar to the Identified Assets, or (iv) otherwise contrary to the best interests of Debtor, its estate, or its creditors.

e. <u>Sale Implementation</u>.  Following the approval of the Prevailing Bid at the Sale Hearing, Debtor will be authorized and directed to take all commercially reasonable and necessary steps to complete and implement the transaction(s) contemplated by the Prevailing Bid, including (but not limited to) seeking entry of one or more Sale Orders.

f. <u>Modification of Bidding Procedures</u>.  Debtor may modify the Bid Procedures with respect to the Overbid Deadline, and the time, manner, and place of the Auction; *provided*, *however*, that the Bid Procedures may not be otherwise modified except with the express written consent of Debtor and APF; *provided*, *further*, *however*, that in no event may the Bid Procedures be modified to reduce the required components of a Qualified Bid.  All rights of APF in respect of any modification of the Bid Procedures by Debtor are preserved.

10. A schedule of executory contracts and leases that APF intends to purchase (collectively, the "<u>Executory Contracts</u>") along with a list of applicable cure amounts ("<u>Cure Amounts</u>") is attached hereto as Exhibit A.  After entry of this Order, Debtor shall serve a copy of this schedule, along with the order approving the Bidding Procedures, on all parties in interest, including counterparties to the Executory Contracts.

5

11.     Debtor requests that any counterparty to an Executory Contract that objects to the Sale or the amount of the Cure Amounts must file an objection, in writing, upon such date as shall be determine by the Court, setting forth the basis for its objection.

## **NOTICE OF THE SALE**

12.     Under Bankruptcy Rule 2002(a) and (c), Debtor requests that notice of the proposed sale of the Identified Assets, which it shall serve in conjunction with this Motion upon all creditors of the Debtor and those interested parties via electronic mail or U.S. mail, be deemed adequate and sufficient notice as required by the Bankruptcy Rules.

## **RELIEF REQUESTED**

13.     By this Motion, Debtor requests the following relief:

    a.     Approval of the Sale on the terms and conditions set forth herein;

    b.     Approval of the Bidding Procedures as set forth herein;

    c.     Approval of the assumption and assignment of the Executory Contracts and the Cure Amounts, as set forth herein;

    d.     Approval of APF's credit bid as set forth herein; and

    e.     Waiver of the 14-day stay provided for by Bankruptcy Rules 6004(h) and 6006(d).

## **BASIS FOR RELIEF**

14.     Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(I). A debtor-in-possession is given these rights by section 1107(a) of the Bankruptcy Code. 11 U.S.C. § 1107(a).

6

15. Moreover, section 105(a) of the Bankruptcy Code provides that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

16. Although Section 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the use, sale or lease of a debtor's assets, disposition of assets of a debtor should be authorized when there is an articulated business justification for doing so. *In re Gulf States Steel, Inc. of Ala.,* 285 B.R. 497, 515 (Bankr. N.D. Ala. 2002); *See also*, e.g., *In re Lionel Corp.,* 722 F. 2d 1063 (2nd Cir. 1983); *In re Titusville Country Club*, 128 B.R. 396 (Bankr. W.D. Pa. 1991); *In re Delaware & Hudson Railway Co.,* 124 B.R. 169, 176 (D. Del. 1991).

17. Whether a transaction has a sufficient articulated business justification depends on the facts of the case. *See In re Continental Airlines, Inc.,* 780 F.2d 1223, 1226 (5th Cir. 1986). A bankruptcy court should consider "all salient factors pertaining to the proceeding and accordingly, act to further the diverse interests of Debtor, creditors and equity holders alike." *Id.; Lionel Corp.,* 722 F.2d at 1071. Relevant factors may include: "the proportionate value of the asset to the estate as a whole; the amount of elapsed time since the filing; the likelihood that a plan of reorganization will be proposed and confirmed in the near future; the effect of the proposed disposition on the future plan of reorganization; the amount of proceeds to be obtained from the sale versus appraised values of the property; and whether the asset is decreasing or increasing in value." *See Continental Airlines*, 780 F.2d at 1226; *Lionel Corp.,* 722 F.2d at 1071; *In re Delaware & Hudson Railway Co.*, 124 B.R. at 176; *In re Condere Corporation,* 228 B.R. 615, 628 (Bankr. S.D. Miss. 1998).

7

Case 18-82014-CRJ11    Doc 97    Filed 09/13/18    Entered 09/13/18 15:00:23    Desc Main
Document      Page 7 of 9

18. Courts have made it clear that a showing of a sound business justification need not be unduly exhaustive but, rather, a Section 363 movant is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.,* 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984); *see also In re Orion,* 4 F.3d 1095, 1099 (2nd Cir. 1993) ("[t]he business judgment test affords the trustee or debtor-in-possession broad discretion").

19. Executory contracts may be assumed and assigned pursuant to 11 U.S.C. § 365, conditioned upon any defaults under the subject contracts being cured in connection with the assumption and assignment of such contracts.

20. The relief requested by Debtor is in the best interests of the estate and the estate's creditors because the Sale of the Identified Assets as proposed herein will maximize the value of the assets of the Estate. It does this by exposing the Identified Assets to the market through the offer from APF and by the solicitation of additional offers from other third parties. There is no other means by which a creditor could obtain a greater value for the assets absent that creditor paying more for the assets in which case the purpose of obtaining the highest value for the Identified Asset is accomplished.

21. In short, the sale proposed by Debtor is in the best interests of the estate and the creditors because it provides for a much larger amount of guaranteed money than simply liquidating the assets would produce.

WHEREFORE premises considered, Debtor respectfully requests that this Court enter an order authorizing Debtor to sell the Identified Assets free and clear of all existing properly perfected liens, interests, and encumbrances to the Qualified Bidder with the Prevailing Bid based

on the terms and conditions set out in the Offer and granting it such other relief that this Court deems just and proper.

Respectfully submitted on September 13, 2018.

/s/ Stuart M. Maples
STUART M. MAPLES
(ABS-1974-S69S)

MAPLES LAW FIRM, PC
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
Tel: (256) 489-9779
Fax: (256) 489-9720
smaples@mapleslawfirmpc.com

**CERTIFICATE OF SERVICE**

I do hereby certify that on September 13, 2018, a copy of the foregoing document was served on the following by Electronic Case Filing a copy of the same.

Richard Blythe
*Bankruptcy Administrator*
P. O. Box 3045
Decatur, AL 35602

John F. Isbell
Alexandria Nelson
Thompson Hine LLP
3560 Lenox Road, Suite 1600
Atlanta, GA  30326
*Counsel for Access Point Financial, Inc.*

20 Largest Unsecured Creditors

All parties requesting notice

/s/ Stuart M. Maples
OF COUNSEL