IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FAIRMONT PARTNERS LLC, | ) | Case No. 18-82014-CRJ |
| | ) | |
| Debtor. | ) | Judge Clifton R. Jessup, Jr. |
| | ) | |

**ORDER (A) AUTHORIZING AND SCHEDULING AN AUCTION AT WHICH DEBTOR WILL SOLICIT THE HIGHEST OR BEST BID FOR THE SALE OF ASSETS; AND (B) APPROVING BID PROCEDURES GOVERNING THE PROPOSED SALE**

This matter is before the Court on the *Debtor's Second Amended Motion for: (A) for Authority to Sell Assets Free and Clear of Liens, Claims, and Encumbrances; (B) to Assume and Assign Certain Executory Contracts and Leases and Establish Cure Costs in Connection Therewith; and (C) to Establish Procedures With Respect to Such Sale and the Assumption and Assignment of Executory Contracts and Leases* (Doc. No. 114, the "Motion")[1] that was filed by Fairmont Partners LLC, debtor and debtor-in-possession ("Debtor") in the above styled case (the "Case"). In the Motion, Debtor seeks the entry of (i) an order approving a sale and bidding process to be used in connection with the proposed sale of certain identified assets (the "Identified Assets"); (ii) an order approving the sale by Debtor of the Identified Assets to Access Point Financial Inc. or its affiliate (collectively, "APF") or to the bidder submitting the highest or best bid for the Identified Assets in connection with the sale and bidding process. The Court having held a final hearing regarding the Motion on November 5, 2018 (the "Bid Procedures Hearing"); upon consideration of the Motion; and after consideration of the arguments of counsel made at the Bid Procedures Hearing; and upon the entire record of this

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion

Case; and it appearing that the approval of the bid procedures (collectively, the "Bid Procedures") as requested in the Motion is in the best interests of the Debtor, its estate and creditors; and good and sufficient cause therefor, the Court finds as follows:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The form and manner of notice of the Bid Procedures and the Bid Procedures Hearing shall be, and hereby are, approved as sufficient and adequate notice. Specifically, all creditors and counterparties to the contracts and leases listed on Exhibit B to the Asset Purchase Agreement, dated November 6, 2018 (the "APA"), attached hereto as Exhibit 1, shall be properly served by the Debtor within five (5) business days of this Order. No other or further notice in connection with the entry of this Order is or shall be required.

D. The Bid Procedures were proposed by Debtor in good faith with the goal of maximizing the value of the Identified Assets for the benefit of all creditors of the estates.

E. Debtor has requested authority to assume and assign all of their executory contracts, including, without limitation, those leases, contracts, licenses and other agreements identified in the APA.

F. APF has a secured, properly perfected, and first-priority allowed claim against all or substantially all of Debtor's assets. APF is entitled to credit bid its secured claim pursuant to 11 U.S.C. § 363(k) in connection with the sale contemplated by this Order.

G. The Motion and this Order comply with all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

H.  Sufficient notice has been given to all parties in interest.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is **GRANTED** to the extent set forth in this Order.

2. APF is a secured creditor of Debtor with a security interest in all or substantially all of Debtor's property.  APF asserts a secured claim of more than $10,000,000.00.  APF has made an initial bid, in the form of a credit bid, in the amount of $9,250,000.00, and has agreed that it will not credit bid more than $10,200,000 at any auction that may be held in accordance with the Bid Procedures (the "Credit Bid").

3. The following "Bid Procedures" are hereby approved and shall be used in connection with the proposed sale of the Identified Assets:

   a. Initial Overbid.  Any third party (other than APF) that is interested in acquiring the Identified Assets must submit an "Initial Overbid" in conformance with the Bid Procedures by not later than **5:00 p.m.**, **CDT,** in Decatur, Alabama on **December 5, 2018** (the "Overbid Deadline").  Any such Initial Overbid must:

      i. Contain a signed definitive asset purchase agreement that must: (1) provide for consideration to Debtor in an amount equal to or greater than the sum of (a) the consideration payable by APF under the Credit Bid, plus (b) cash in an amount equal to $50,000.00; (2) not be subject to any (a) financing contingency, (b) contingency relating to the completion of unperformed due diligence, provided that APF waives any such conditions on or prior to the Overbid Deadline, (c) contingency relating to the approval of the overbidder's board of directors or other internal approvals or consents, or (d) any conditions precedent to the overbidder's obligation to purchase the Identified Assets; and (3) provide that the overbidder shall purchase all or substantially all of the Identified Assets;

      ii. Include a cashiers' or certified check in the aggregate amount of $250,000.00, payable to an independent escrow agent to be designated by Debtor (it being understood that deposits may also be sent by wire transfer of immediately available funds);

      iii. To the extent not previously provided to Debtor, be accompanied by evidence satisfactory to the Debtor in its commercially reasonable

3

discretion that the overbidder (1) is willing, authorized, capable, and qualified financially, legally, and otherwise, of unconditionally performing all obligations under its proposed purchase agreement, in the event that it submits the Prevailing Bid (as defined below) at the Auction, and (2) has substantial experience acquiring, owning, rehabilitating and managing projects that are substantially similar to the Identified Assets;

    iv. Remain open and irrevocable until one hundred (100) days after the entry of an order by the Court approving a definitive agreement providing for the sale of the Identified Assets; and

    v. Be submitted to (1) counsel to the Debtor, Stuart M. Maples, 200 Clinton Avenue West, Suite 1000, Huntsville, Alabama 35801, smaples@mapleslawfirmpc.com (2) counsel to APF, John F. Isbell, Thompson Hine LLP, 3560 Lenox Road, Suite 1600, Atlanta, Georgia 30326, john.isbell@thompsonhine.com; and (3) Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, Alabama 35602, Attention: Richard Blythe, in each case so as to be received not later than the Overbid Deadline.

b. <u>Auction</u>. In the event Debtor timely receives a conforming Initial Overbid from a prospective purchaser as described above (a "<u>Qualified Bidder</u>"), then the Debtor will conduct an Auction with respect to the sale of the Identified Assets on **December 7, 2018**, at **1:00 p.m., CDT,** at the offices of Maples Law Firm, PC, 200 Clinton Avenue West, Suite 1000, Huntsville, Alabama 35801. In order to participate in the Auction, each prospective purchaser shall be required to comply with the requirements of the Bid Procedures and to submit an Initial Overbid that is timely and that complies in all respects with the Bid Procedures Order. At the Auction, Qualified Bidders and APF (it being understood that APF shall be deemed to be a Qualified Bidder) may submit successive bids in cash or credit increments of at least $50,000.00 greater than the prior bid for the purchase of the Identified Assets until there is only one offer that Debtor determines (in the exercise of its sole discretion), subject to Court approval, is the highest or best offer for the Identified Assets (the "<u>Prevailing Bid</u>"). All bidding for the Identified Assets will be concluded at the Auction and there will be no further bidding at the Sale Hearing. If no conforming Initial Overbid from a Qualified Bidder shall have been received at or prior to the Overbid Deadline, the Auction will not be held, APF shall be designated as the highest and best bid, and the Sale Hearing will proceed with respect to the Credit Bid on an expedited basis. In determining the Prevailing Bid, consideration will be given to, among other things: (i) the total consideration to be received by Debtor; (ii) the bidder's financial ability to close a transaction and the likelihood and timing thereof; (iii) the net benefit to Debtor's estate; and (iii) the amount of the bidder's experience acquiring, owning, rehabilitating and managing projects that are substantially similar to the Identified Assets. At the Auction, APF shall have the right to (i) submit further credit bids; and (ii) at any time, request that Debtor announces, subject to any potential new bids, the then current Prevailing Bid and, to the extent APF requests,

4

use reasonable efforts to clarify any and all questions APF may have regarding Debtor's announcement of the then current Prevailing Bid. Only the persons who submitted Initial Overbids and APF may participate in the Auction. After the Auction has concluded, Debtor shall present the Prevailing Bid to the Court for consideration and approval at the Sale Hearing

c. <u>Sale Hearing</u>. The Sale Hearing will be conducted on **December 10, 2018**, at **1:30 p.m.**, **CDT,** at the United States Bankruptcy Court, **400 Well Street Decatur, AL**, at which time Debtor intends to present the Prevailing Bid for approval by the Court pursuant to the provisions of Sections 105, 363(b), 363(f), 363(m), 363(n), and 365 of the Bankruptcy Code. Debtor shall be deemed to have accepted a bid only when the bid has been approved by the Court at the Sale Hearing.

d. <u>Highest and/or Best Bid</u>. At all times during the proposed sale process, Debtor shall retain the right to determine, in its reasonable discretion, which bid constitutes the highest or otherwise best offer for the purchase of the Identified Assets, and which bid should be selected as the Prevailing Bid, if any, all subject to final approval by the Court pursuant to the provisions of Section 363(b) of the Bankruptcy Code. Without limiting the generality of the foregoing, Debtor may, at any time before entry of an order of the Court approving a Prevailing Bid, reject any bid (other than APF's bid) that, in the reasonable discretion of Debtor, is determined to be (i) inadequate or insufficient, (ii) contrary to the requirements of the Bankruptcy Code or the Bid Procedures, (iii) from a bidder that does not have substantial experience acquiring, owning, rehabilitating, and managing projects that are substantially similar to the Identified Assets, or (iv) otherwise contrary to the best interests of Debtor, its estate, or its creditors, provided, however, that all such rejected bids will be brought to the attention of the Bankruptcy Court at the Sale Hearing, together with an explanation on why such bid was rejected.

e. <u>Sale Implementation</u>. Following the approval of the Prevailing Bid at the Sale Hearing, Debtor will be authorized and directed to take all commercially reasonable and necessary steps to complete and implement the transaction(s) contemplated by the Prevailing Bid, including (but not limited to) seeking entry of one or more Sale Orders.

4. Objections (if any) to approval of any Prevailing Bid or to approval of any proposed sale of the Identified Assets, or any proposed assumption and assignment of executory contracts and unexpired leases (including as to any Cure Claim) pursuant to any Prevailing Bid, shall be in writing, shall set forth the name of the objecting party, the basis for the objection and the specific grounds therefor, and shall be filed with the Court and served upon each of the following so as to

5

Case 18-82014-CRJ11    Doc 115    Filed 11/07/18    Entered 11/07/18 13:18:02    Desc
Main Document      Page 5 of 7

be actually received **on or before 11:30 a.m., CDT, on December 10, 2018**: (a) counsel to Debtor; (b) counsel to APF, John Isbell, Thompson Hine LLP, 3560 Lenox Road, Suite 1600, Atlanta, Georgia 30326, john.isbell@thompsonhine.com; and (c) Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, Alabama 35602, Attention: Richard Blythe. Any objection not filed and served in accordance with this paragraph 5 shall be deemed waived and shall be forever barred.

5. The failure of any third party to file and serve an objection as ordered and directed herein shall be deemed the consent of such party to the granting of the Motion and the sale and transfer of the Identified Assets free and clear of all liens, claims, and encumbrances (including the assumption and assignment of executory contracts and unexpired leases, including any applicable Cure Claim, under the Prevailing Bid).

6. The Bid Procedures are fair and reasonable, are reasonably calculated to produce the best and highest offers for the Identified Assets, and will confer actual benefits upon Debtor's estate. The Bid Procedures represent an exercise of the sound judgment of Debtor and will facilitate an orderly sale process.

7. Debtor shall notice the sale of the Identified Assets by publishing notice of the sale in the Times Daily, a newspaper in circulation in Florence, Lauderdale County, Alabama. The local notice of sale publications will run for 3 consecutive weeks beginning the day after the approval of Debtor's Sale Motion. It is anticipated that these publication dates will be **November 9, 16 and 23, 2018**. The Debtor shall also notice the sale of the Identified Assets on LoopNet.com, a national on-line commercial real estate marketplace. It is anticipated that a national sale notice on LoopNet will be posted by **November 7, 2018**, and remain active until the Sale Date.

8. Debtor shall serve a copy of this Order as contemplated in the Motion. Such notice shall be and is hereby determined to be sufficient notice of the Bid Procedures, the Auction, and

6

the Sale Hearing, and not further notice is required with respect to any of the foregoing or the matters that are the subject of this Order.

9. The Court retains jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

10. Debtor's counsel is ordered to serve the Order and Exhibits to parties and creditors.

Dated this the 7th day of November, 2018.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge