IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| FAIRMONT PARTNERS LLC, ) | Case No. 18-82014-CRJ-11 |
| ) | |
| Debtor. ) | |
| ) | |

**ACCESS POINT FINANCIAL INC.'S REPLY TO OPPOSITION TO SALE AND MOTION TO RECONSIDER AND VACATE ORDER GRANTING DEBTOR'S SALE MOTION**

COMES NOW Access Point Financial Inc. ("APF") files this Reply (the "Reply") to the *Opposition to Sale and Motion to Reconsider and Vacate Order Granting Debtor's Sale Motion* (the "Motion to Vacate") filed by Edwin W. Leslie (the "Receiver") and iBorrow Finance Loan Fund I, L.P. ("iBorrow"). In support of this Reply, APF shows the Court as follows:

**PARTIES**

1. As a preliminary matter, contrary to the representations made in the very first paragraph of the Motion to Vacate, 2945 Northwest, LLC (the "Oklahoma Affiliate") is not a party to the Motion to Vacate, despite being labeled as an Objecting Party. (See Motion to Vacate, p. 1.) Instead, the parties that filed the Motion to Vacate are the Receiver and iBorrow. (See Motion to Vacate, p. 10 showing that counsel represents the Receiver and iBorrow.)

2. The Motion to Vacate states that Tracey Suttles is the sole member of the Oklahoma Affiliate. (Motion to Vacate ¶ 3.) The Motion to Vacate further states that Tracey Suttles is the 93% owner of Fairmont Partners, LLC (the "Debtor"). (Motion to Vacate ¶ 3.)

3. The Receiver is the court appointed receiver over **certain property** belonging to the Oklahoma Affiliate. (Motion to Vacate, p. 1; *see also* Order Appointing Receiver, attached

hereto as Exhibit A, the "Receivership Order".) The Receiver is **not** the receiver for the Oklahoma Affiliate.

4. The Receiver's rights and obligations are governed by the Receivership Order. (*See generally*, Receivership Order (describing rights and obligations of the Receiver).)

5. Movant iBorrow is a creditor of the Oklahoma Affiliate. (Motion to Vacate ¶¶ 1-2.) Movant iBorrow does not claim to be a creditor of the Debtor. (*See generally*, Motion to Vacate.)

6. APF is the senior secured lender of the Debtor and the purchaser of the Debtor's assets.

## ARGUMENT

A. <u>The Receiver and iBorrow were not entitled to notice of the Sale Hearing</u>.

7. Neither the Receiver nor iBorrow were served with notice of the Debtor's proposed sale of its assets, because neither the Receiver or iBorrower requested such service or were otherwise entitled to service of such papers. The Receiver is not the receiver over the Oklahoma Affiliate, but only over certain of the Oklahoma Affiliate's assets. The Receiver has only the right to "advis[e] all persons who owe money to the [Oklahoma Affiliate] that is **Mortgaged Property of [iBorrow]** that all debts should be paid directly to the Receiver.") (Receivership Order ¶ 9.) As such, the Receiver is not even the receiver over all of the Oklahoma Affiliate's assets, much less over the Oklahoma Affiliate. Further, it appears that the rights of the Receiver are limited to "advising" the Debtor to pay to the Receiver all sums that would properly constitute "Mortgaged Property of [iBorrow]." Id.

8. The Oklahoma Affiliate is 100% owned by Tracey Suttles. (Motion to Vacate ¶ 3.) There is no doubt that the person who negotiated the Sale Motion, APA, and Bid Procedures,

2

Case 18-82014-CRJ11    Doc 143    Filed 12/26/18    Entered 12/26/18 09:51:54    Desc
Main Document    Page 2 of 6

Tracey Suttles, was aware of such documents. As such, it can't be argued that the Oklahoma Affiliate did not have notice of these proceedings, as Tracey Suttles certainly had notice of such proceedings.

9. Movant iBowwer is neither a creditor nor does it have standing. As such, iBorrow was not entitled to notice of this bankruptcy case or of the Sale Motion.

b. <u>The Receiver and iBorrow had actual notice of the Sale Hearing</u>.

10. Despite not being entitled to notice of these proceedings, the Receiver admits that as of December, 2018, he knew of the Debtor's bankruptcy case. (Motion to Vacate ¶ 13.) Counsel for iBorrow later confirmed to counsel for APF that they and the Receiver were aware of the Debtor's bankruptcy case before the December 10, 2018, Sale Hearing, potentially as early as the middle of November 2018. As such, the Receiver and iBorrow had actual notice of these proceedings and elected not to participate until after the December 10, 2018, sale hearing.[1]

c. <u>The Receiver and iBorrow had published notice of the Sale Hearing</u>.

11. As evidenced by the *Verification of Publication* [Doc. 133], filed by Debtor on December 7, 2018, notice of the proposed sale to APF was published, such that parties in interest and prospective purchasers would be made aware of the proposed sale and of an opportunity to overbid APF for the purchase of Debtor's assets.

d. <u>Any Furniture, Fixtures, or Equipment is APF's collateral</u>.

12. It is undisputed that the Debtors furniture, fixtures, and equipment ("<u>FF&E</u>") is APF's collateral.

---

[1] Further, the original Sale Motion was filed on Sept. 13, 2018, well before the Receiver was appointed on Oct. 29, 2018. Amendments to the Sale Motion were served on the same list of parties in interest as the original Sale Motion, unless such creditors entered an appearance or filed papers in the bankruptcy court after the filing of the Sale Motion.

3

13. It is further undisputed that all of the Oklahoma Affiliate's FF&E is likewise the collateral of APF. (*See* Motion to Vacate ¶ 5; *see also* Intercreditor Agreement and Certificate ¶ 3, attached hereto as Exhibit B.)

14. As such, to the extent the Receiver or iBorrow complain that FF&E purported to be sold to APF might be property of the Oklahoma Affiliate, such an argument rings hollow when such FF&E would be the collateral of APF, even if such were true.

## **CONCLUSION**

15. Movant iBorrow and APF are both creditors of the Oklahoma Affiliate. The dispute outlined in the Motion to Vacate relates to the Oklahoma Affiliate, wherein iBorrow and APF disagree on a variety of issues. This is merely an improper negotiating tactic.

16. To the extent the Receiver and iBorrow complain about notice in this case, APF has demonstrated above that they were not entitled to notice, that they had actual notice of this bankruptcy case before the sale hearing, and they likewise had published notice. To the extent they claim a non-movant, the Oklahoma Affiliate, did not receive notice, there is no doubt that the 100% owner of the Oklahoma Affiliate knew about the Sale Hearing and related motions, as he negotiated them all on behalf of the Debtor. As such, the suggestion that the Oklahoma Affiliate did not receive or have notice of the sale hearing is just false.

17. Further, the Receiver and iBorrow do not complain about the sale price for the assets, do not seek to make a higher bid, or otherwise suggest that the sale was not negotiated at arm's length. As such, there is no reason to disturb the sale after it has been approved.

18. Finally, there is no harm in denying the Motion to Vacate. Movant, iBorrow is not a creditor of the Debtor. Meanwhile, the Receiver has the right to advise the Debtor to pay all sums that are owed to the Oklahoma Affiliate, and that would otherwise constitute the collateral of iBorrow, "directly to the Receiver." (Receivership Order ¶ 9.) This makes the Receiver, at best,

a payee of the Oklahoma Affiliate's claim, to the extent such claim would be collateral of iBorrow. If such were the case, the Receiver would need to file something with the Court to alert the world of such payee status. If that happened, which it didn't, the Receiver *might* be considered a general unsecured creditor of the Debtor.

19. Further, if such "advising" did happen, and that (a) made the Receiver a general unsecured creditor, (b) who was entitled to notice of the Sale Hearing, (c) who's actual notice of the bankruptcy case was irrelevant, and (d) who's published notice of the sale was ineffective, the remedy is to merely delay the sale such that the Receiver can oppose the sale as a general unsecured creditor. Such has already happened by virtue of the hearing set for December 27, 2018, on the Motion to Vacate.

WHEREFORE premises considered, APF respectfully requests that this Court deny the Motion to Vacate and grant it such other relief that this Court deems just and proper.

Respectfully submitted on December 26, 2018.

/s/ Bill D. Bensinger
Bill D. Bensinger
Daniel D. Sparks
Counsel for Access Point Financial Inc.

Christian & Small, LLP
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
Tel: 205-250-6626
Email: bdbensinger@csattorneys.com

John F. Isbell
Thompson Hine LLP
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326
Tel: 404-541-2913
Email: John.Isbell@ThompsonHine.com

5

## Certificate of Service

I certify that I have served this **ACCESS POINT FINANCIAL INC.'S REPLY TO OPPOSITION TO SALE AND MOTION TO RECONSIDER AND VACATE ORDER GRANTING DEBTOR'S SALE MOTION** on the following counsel and parties by means of the Court's CM/ECF system on December 26, 2018:

Fairmont Partners, LLC
4212 San Felipe #417
Houston, TX 77027

Stuart M Maples
Maples Law Firm, PC
200 Clinton Avenue W.
Suite 1000
Huntsville, AL 35801

Patrick A. Jones
Attorney at Law
212 Oakwood Ave. NW
Huntsville, AL 35811

R. Willson Jenkins, P.C.
R. Willson Jenkins
201 South Court Street
Suite 450
Florence, AL 35630

M. Paul Killian
HARRISON, GAMMONS, AND RAWLINSON P.C.
2430 L & N DRIVE
Huntsville, Alabama 35801

Charles N. Parnell, III
PARNELL & PARNELL, P.A.
Post Office Box 2189
Montgomery, Alabama 36102-2189

Andrew J. Shaver
BRADLEY ARANT BOULT CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

                                             */s Bill D. Bensinger*
                                             OF COUNSEL

6

Case 18-82014-CRJ11    Doc 143    Filed 12/26/18    Entered 12/26/18 09:51:54    Desc
Main Document    Page 6 of 6